**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ALPHONSO POWELL BOND,**

      **Plaintiff,**

**vs.**                                                     **Case No. 4:08cv335-WS/WCS**

**OFFICER KEITH SAWTELL,**

      **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

An order was entered on November 20, 2008, directing Plaintiff to file a second

amended complaint.  Doc. 17.  On December 3, 2008, Plaintiff filed a notice of change

of address.  Doc. 18.  The proximity between issuance of the prior order, doc. 17, and

Plaintiff's notice, indicated Plaintiff had not received the order.  Thus, another order was

entered to set forth the prior order and ensure Plaintiff knew what was needed in filing a

second amended complaint.  Doc. 20.  Two days after that order was entered, Plaintiff's

second amended complaint was filed.  Doc. 21.  Plaintiff had not received the last order,

doc. 20, prior to filing the second amended complaint.  Doc. 21.  Accordingly, yet

another order was entered on December 22, 2008, setting forth the deficiencies for

Plaintiff.  Doc. 22.  The following day, on December 23, 2008, Plaintiff filed a third amended complaint, doc. 23, which obviously was filed even though Plaintiff had not received the last order, doc. 22.  At any rate, Plaintiff did have sufficient time to have received the previous orders, docs. 17 and 20.

Plaintiff continues to indicate that he previously filed a case in federal court that dealt with "the same or similar facts/issues involved in this action."  Doc. 23, p. 3.  Plaintiff also continues to falsely indicate that he never had a case "dismissed as frivolous, malicious, failing to state a claim, or prior to service."  *Id.*, at 4.  That is not accurate and the prior orders entered in this case noted for Plaintiff that he *has* had a case dismissed prior to service.  Docs. 17, 20, and 22.  The case Plaintiff referenced, case 4:07cv198 (the case involving the same or similar facts/issues) *was* dismissed prior to service for failing to state a claim.  Docs. 13, 17-18 of case 4:07cv198-WS/WCS.  Plaintiff's third amended complaint, doc. 23, fails to honestly disclose that Plaintiff has had a case dismissed for failing to state a claim and prior to service.

Furthermore, Plaintiff fails to correct the primary deficiency with this case.  As Plaintiff is attempting to bring another complaint that is related to a previously dismissed case, Plaintiff was ordered to provide the facts which were missing in the previous case, 4:07cv198-WS/WCS.  Docs. 17, 20, and 22.  Case 4:07cv198 was dismissed because Plaintiff failed to present any facts showing that his arrest on September 17, 2006, was invalid.  Indeed, the finding in that case was that because Plaintiff was convicted of at least one charge stemming from his arrest, his arrest was valid.  *See* doc. 13, case 4:07cv198.

In the instant case, Plaintiff is again complaining about his September 17, 2006, arrest. Doc. 21, p. 5. Plaintiff alleges he was "falsely arrested by Officer Keith Sawtell" and spent "over 180 days [in the Leon County Jail] as a result of these false charges . . . ." *Id.* Plaintiff claims he was acquitted on charges of burglary of a conveyance with assault or battery and false imprisonment. *Id.*, at 5. However, Plaintiff notes that he was originally charged with "harassing telephone calls but the charge was upgraded to aggravated stalking." *Id.* Plaintiff is currently incarcerated for aggravated stalking. *Id.*, at 5-6. Plaintiff asserts that if his constitutional rights had "not been violated during the course of his proceedings, he would not be confined within the Department of Corrections for Aggravated Stalking, at this time." *Id.* Plaintiff's requested relief is monetary damages and "release from present custody." *Id.*, at 7.

Both in this case, and in his prior case, Plaintiff was made aware that to present a viable claim for false arrest, Plaintiff must demonstrate that his arrest was made without probable cause. Docs. 17, 20 and 22, and doc. 13 of case 4:07cv198, *citing* Skop v. City of Atlanta, 485 F.3d 1130, 1137 (2007). Plaintiff *still* has not made that showing. Because Plaintiff is unable to demonstrate that he was not convicted of *any* charges stemming from his September 17, 2006, arrest, this case should be dismissed with prejudice. Plaintiff was convicted of a charge stemming from the September 17, 2006, arrest.

Moreover, a civil rights case cannot provide part of the relief requested by Plaintiff. Release from prison must be brought through a habeas corpus petition, not through a civil rights action. It is also clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v.

Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)

(prohibiting injunctive relief which would result in speedier or immediate release from a

term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L.

Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or

sentence until the plaintiff can show that the conviction or sentence has been

invalidated).  In Heck, the Court held "that, in order to recover damages for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus, 28 U.S.C. § 2254."  Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003),

quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372.  "A claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not

cognizable under § 1983."  Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

Plaintiff cannot demonstrate that he was falsely arrested on September 17, 2006,

because he is incarcerated on a charge stemming from that arrest.  Plaintiff cannot

meet the "favorable termination requirement" for bringing this § 1983 action and he is

not entitled to relief.  This case must be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third

amended complaint, doc. 23, be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the clerk of court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 7, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**